UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER LYNETTE RAWLINGS,

    Plaintiff,

    v.

WELL BIZ BRANDS, et al.,

    Defendants.

Case No. 25-2141-EFM-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on two motions filed by pro se plaintiff Jennifer Lynette Rawlings ("Rawlings"): (1) a motion to amend her complaint; and (2) a motion for discovery, which is titled "Plaintiff's Formal Request for Insurance and Broker Disclosure for T&L Alashs, LLC." For the reasons explained below, the court grants Rawlings's motion to amend (ECF 79) and denies her motion for discovery (ECF 80).

**Motion to Amend**

Rawlings initially filed this action in the United States District Court for the Western District of Missouri, and the case was transferred to this court on March 21, 2025. Rawlings subsequently filed an amended complaint as a matter of course. (ECF 32.) The operative amended complaint alleges Rawlings suffered a "catastrophic chemical exposure and systemic extensive lymphatic damage to [her] face" on February 6, 2023, for which she seeks (1) injunctive relief of "[i]mmediate funds required to prevent financial destruction and fatality" and "[e]mergency relief justified by toxic exposure's unknown extensivity of damage"; (2) monetary relief of $5.58 billion in damages "for lifelong care" and "punitive damages"; and (3) a declaratory judgment to "[c]onfirm coverage." (ECF 32.) The amended complaint added Lockton Affinity Insurance

Company of America ("Lockton") as an additional defendant.  Lockton has moved to dismiss Rawlings's claims against it.  (ECF 46.)  Since Rawlings filed her amended complaint, she has filed numerous other motions to amend her complaint, all of which the court has denied for failure to comply with D. KAN. RULE 15.1(a).  (ECF 33, 34, 53, 56, 65, 70, 72, 77.)

On August 11, Rawlings filed the current motion for leave to amend (ECF 79), which complies with D. KAN. RULE 15.1(a) insofar as the motion sets forth a concise statement of the amendment or leave sought and attaches her proposed amended complaint to the motion.  So the court now turns to its merits.  By way of this motion, Rawlings seeks leave to amend to "[u]pdate all defendants' names to their properly registered legal names as found in the records of the Kansas Secretary of State for each defendant" and to "[a]dd newly discovered defendants identified through ongoing investigation and discovery."  (ECF 79, at 4.)  The new, updated list of defendants includes: (1) WellBiz Brands, Inc.; (2) The Hanover Insurance Group, Inc.; (3) The Hanover Insurance Company; (4) Lockton Affinity Insurance Company of America; (5) Amazing Lash Franchise, LLC; (6) T&L ALASHS, LLC; and (7) Lockton Affinity, LLC.  The general allegations in the proposed amended complaint are similar to those in the operative amended complaint, alleging that Rawlings suffered a "catastrophic injury" at an Overland Park location of an Amazing Lash Studio more than two years ago and criticizing the insurance companies' coverage decisions.  The proposed amended complaint, however, leaves out many of the detailed factual allegations contained in the operative amended complaint.

Federal Rule of Civil Procedure 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires."  The purpose of the rule is to provide litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691

F.2d 449, 456 (10th Cir. 1982)).  The Supreme Court has said that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Thus, the court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."  *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman*, 371 U.S. at 182).  Ultimately, whether to grant leave to amend lies within the court's discretion.  *Warnick*, 895 F.3d at 755.

This case is still in an early stage, and the defendants would not be unduly prejudiced by the amendment.  Only two defendants have appeared in the case—Lockton and The Amazing Lash Franchise, LLC.  (ECF 42, 49.)  Lockton has filed a motion to dismiss, which the district judge has not yet ruled.  (ECF 46.)  A scheduling order has not been entered and discovery has not begun.  Furthermore, the court does not find Rawlings's amendment to be clearly frivolous or clearly futile.  That said, the undersigned makes no determination as to whether the amended claims ultimately would survive a subsequent dispositive motion presented to the district judge.  *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous.").  This ruling does not preclude the defendants from moving to dismiss the second amended complaint if they can show that dismissal is warranted.  In conclusion, given the procedural posture of this case, the lack of prejudice to defendants, and the liberal standards governing leave to amend, the court exercises its discretion and grants Rawlings leave to amend.

**Motion for Discovery**

Rawlings's second motion, titled "Plaintiff's Formal Request for Insurance and Broker Disclosure for T&L Alashs, LLC," appears to request certain discovery from defendant T&L Alashs, LLC. (ECF 80.)  The court denies this motion for several reasons.  First, the motion is premature because the docket does not reflect that Rawlings has even served T&L Alashs, LLC with summons and a copy of the operative complaint, nor has T&L Alashs, LLC appeared in this action.  Second, parties generally may not commence discovery until they have held a conference pursuant to FED. R. CIV. P. 26(f) and developed a discovery plan.  *See* FED. R. CIV. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).").  The court has not yet issued an Initial Order Regarding Planning and Scheduling directing the parties to participate in a Rule 26(f) conference or setting a deadline for them to do so. Unless and until the parties participate in a Rule 26(f) conference, discovery is not open so Rawlings's request is premature.  Even once discovery opens, Rawlings must keep in mind that D. Kan. Rule 26.3 prohibits the filing of any such discovery requests.  Rawlings may serve such requests on a defendant, but the requests are not to be filed with the court.

**IT IS THEREFORE ORDERED** that Rawlings's motion to amend titled "Plaintiff's Motion for Leave to Amend Sixth Complaint to Update Defendant Names and Add Newly Discovered Defendants" (ECF 79) is granted.  The court directs Rawlings to file her proposed amended complaint (which should be re-titled as a "Second Amended Complaint," not a Sixth Amended Complaint) as a separate docket entry within five days.

**IT IS FURTHER ORDERED** that Rawlings's motion titled "Plaintiff's Formal Request for Insurance and Broker Disclosure for T&L Alashs, LLC" (ECF 80) is denied.

**IT IS SO ORDERED.**

Dated August 22, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
