IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER LYNETTE RAWLINGS,

    *Plaintiff,*

v.

AMAZING LASH STUDIO FRANCHISE, LLC, et al.,

    *Defendants.*

Case No. 25-2141-EFM

**MEMORANDUM AND ORDER**

Pro se Plaintiff Jennifer Lynette Rawlings brings suit against Defendants The Amazing Lash Studio Franchise, LLC ("the Franchise"); Well Biz Brands, Inc. d/b/a Well Biz International; Lockton Affinity Insurance Company of America ("Lockton"); Jane/John Doe Insurance Companies 1-5; an unnamed Franchise owner/operator; and Jane Doe Franchise Manager of Overland Park Studio. Plaintiff seeks damages for injuries she allegedly sustained from an eyelash solvent at Amazing Lash Studio in Overland Park, Kansas. There are six pending motions—five filed by Plaintiff, one by Defendant Lockton. For the reasons stated below, the Court denies Plaintiff's motions and grants Defendant Lockton's Motion to Dismiss. The Court also addresses Plaintiff's failure to serve the other Defendants and the Franchise's failure to file any responsive pleadings.

A.      **Plaintiff's Pending Motions**

Plaintiff proceeds pro se, so her filings are held to "less stringent standards than formal pleadings drafted by lawyers."[1] Further, she is entitled to a liberal construction of her pleadings.[2] However, it is not the proper role of this Court to "assume the role of advocate" for her."[3]

Plaintiff filed five motions that all request the same thing—emergency disbursement of funds. On May 16, 2025, she filed an "Emergency Motion for Immediate Funds Release" in which she moves the Court to order Defendants to transfer $12,000,000 to a court-supervised medical trust. On May 30, 2025, she filed an "Emergency Motion for Injunctive Relief and Notice of Consumer Protections Violations" and an "Amended Emergency Motion for Injunctive Relief and Notice of Consumer Protections Violations" in which she seeks the Court to compel the release of $14,500,000 for urgent medical intervention, expedite the hearings, and potentially open an investigation. On July 12, 2025, Plaintiff filed an "Emergency Motion for Immediate Disbursement of Funds, Leniency, and Protection of Constitutional Rights" in which she seeks emergency disbursement of $49,000,000; an order to the other parties to comply with their duties; leave to amend her other filings; and referral of the matter to an appropriate investigative agency. On July 24, 2025, she filed an "Emergency Motion for Asset Preservation and Injunctive Relief" in which she seeks the Court to order the preservation of Lockton's assets "to ensure the availability of funds for Plaintiff's lifelong medical care." No Responses to any of these motions have been filed.

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On May 20, 2025, the Court sua sponte dismissed three similar motions filed by Plaintiff.[4] The Court found those motions "fail[ed] to set forth any factual assertions or legal arguments from which a claim for emergency relief could be gleaned."[5] While Plaintiff's pending motions are difficult to understand, the common thread running throughout is that she believes that she has demonstrated she is entitled to relief by filing her Complaint; therefore, the Court should award her damages now. The Court makes the same finding as to the five pending motions as it did to Plaintiff's previous three—they are frivolous and devoid of merit. As such, the Court sua sponte dismisses Plaintiff's five pending motions for failure to state a claim.

**B.    Lockton's Motion to Dismiss**

Plaintiff initially brought this suit on January 30, 2025. She filed an Amended Complaint on May 21, 2025. On June 9, 2025, Lockton filed the present Motion to Dismiss. On August 11, 2025, Plaintiff filed a Motion to Amend her Complaint. That Motion was granted on August 22, 2025, giving Plaintiff five days to file her Second Amended Complaint. Plaintiff has yet to file her Second Amended Complaint. Because Plaintiff has not filed a Second Amended Complaint in the allotted timeframe, the Court turns to Lockton's Motion to Dismiss.

Lockton moves this Court to dismiss Plaintiff's claims against it on four grounds: that Plaintiff has not complied with Federal Rule of Civil Procedure 8; that she has not met the heightened pleading standard under Rule 9(b); that her claims are not ripe under Rule 12(b)(1); and that her claims are barred by the statute of limitations. Because the claims against Lockton are clearly not ripe, the Court only addresses that ground.

---

[4] Doc. 30.

[5] *Id.*

Ripeness is a question of timing, and its rational is to prevent courts from entangling themselves in abstract disagreements through premature adjudication.[6] "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"[7] Plaintiff claims that Lockton grossly underinsured the Amazing Lash Studio Franchise. But Lockton is not an insurance carrier. Rather, Lockton is an insurance broker. Even if Plaintiff were to win a judgment, it is difficult to see how Lockton might be held liable for the acts of an insured, an insurance carrier, or another Defendant. As can be seen, Plaintiff's claims against Lockton are the type that "rest upon contingent future events." Accordingly, Plaintiff's claims against Lockton are not ripe for adjudication and dismissal is appropriate.[8]

**C.     Service on Other Defendants**

Plaintiff has not provided proof of service of the summons upon any Defendant as required by Federal Rule of Civil Procedure 4(e). That rule instructs Plaintiff that she may follow Kansas state law for serving a summons.[9] Kansas authorizes service by "return receipt delivery."[10]

On May 27, 2025, Plaintiff filed a document titled "Notice of Service" which purports to prove that the Amended Complaint was served upon the Defendants via certified mail. The document contains screenshots of USPS tracking numbers and activity that appears to confirm delivery to two locations in Overland Park, Kansas and two locations in Denver, Colorado. It also, however, contains a transaction receipt indicating that Plaintiff waived the recipients' signature requirement. The document does not contain any information from which the Court can conclude

---

[6] *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985) (citations omitted).

[7] *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas*, 473 U.S. at 580–81).

[8] *See id.* at 302 (affirming the District Court's dismissal of claims as the matter was not ripe for adjudication).

[9] Fed. R. Civ. P. 4(e)(1).

[10] K.S.A. 60-303(c).

that Plaintiff requested or received a return receipt. Because Plaintiff has not demonstrated that she served summonses in a manner authorized by the rules, the Court finds that Plaintiff has not complied with Kansas law—and in turn, Rule 4(e).

The Court notes that counsel entered an appearance on behalf of the Franchise and Lockton. Under Kansas law, counsel's entry of appearance effects service.[11] As such, the Court considers that Plaintiff has served these Defendants.

Because she has failed to demonstrate effective service for the remaining Defendants, Plaintiff must show cause why the unserved Defendants should not be dismissed from this suit. "If a defendant is not served within 90 days after the complaint is filed, the court . . . on its own after notice to the plaintiff" must dismiss the action without prejudice.[12] Plaintiff's 90 days to serve Defendants elapsed on August 19, 2025. As discussed, the Court finds that Plaintiff has not effectively served Defendants Well Biz Brands, Inc. d/b/a Well Biz International; Jane/John Doe Insurance Companies 1-5; an unnamed Franchise owner/operator; and Jane Doe Franchise Manager of Overland Park Studio.

### D.     The Amazing Lash Studio Franchise, LLC

On June 12, 2025, counsel entered an appearance on behalf of the Franchise. By that act, as discussed above, service was effected on the Franchise. However, the Franchise has not filed an answer or other motion. A defendant must file an answer within 21 days of being served with summons or within 60 days if service is timely waived.[13] The Franchise's time to file an answer

---

[11] *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275–76 (10th Cir. 1998) (citing K.S.A. 60-203(c) ("The filing of an entry of appearance has the same effect as service.")).

[12] Fed. R. Civ. P. 4(m).

[13] Fed. R. Civ. P. 12(a)(1)(A).

or motion has expired. Consequently, the Franchise is ordered to show cause why the Court should not direct the Clerk to enter default against it.

**IT IS ORDERED** that Plaintiff's Motions for Emergency Relief (Docs. 28, 39, 40, 64, and 75) are **DENIED**.

**IT IS FURTHER ORDERED** that Lockton's Motion to Dismiss (Doc. 46) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall show cause in writing within 14 days of this Order why Defendants Well Biz Brands, Inc. d/b/a Well Biz International; Jane/John Doe Insurance Companies 1-5; an unnamed Franchise owner/operator; and Jane Doe Franchise Manager of Overland Park Studio should not be dismissed from this case for failure to effect timely service.

**IT IS FURTHER ORDERED** that Defendant The Amazing Lash Studio Franchise, LLC shall show cause in writing within 14 days of this Order why the Court should not direct the Clerk to enter default against it.

**IT IS SO ORDERED**.

Dated this 4th day of September, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE