UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER LYNETTE RAWLINGS,

    Plaintiff,

    v.

WELL BIZ BRANDS, et al.,

    Defendants.

Case No. 25-2141-EFM-ADM

**MEMORANDUM AND ORDER**

This matter comes before the court on two motions. The first is pro se plaintiff Jennifer Lynette Rawlings's ("Rawlings") updated motion to amend her complaint, titled "Plaintiff's Motion for Leave to File Second Amended Complaint." (ECF 96.) The second is defendant T&L Alashs, LLC's ("T&L") Motion for Leave to File Answer Out of Time and response to the court's Order to Show Cause. (ECF 102.) For the reasons explained below, the court grants Plaintiff's Motion for Leave to File Second Amended Complaint and denies as moot T&L's Motion for Leave to File Answer Out of Time.

    A.    **BACKGROUND**

As explained in prior orders, Rawlings initially filed this action in the United States District Court for the Western District of Missouri, and the case was transferred to this court on March 21, 2025. Rawlings subsequently filed an amended complaint as a matter of course. (ECF 32.) The operative amended complaint alleges Rawlings suffered a "catastrophic chemical exposure and systemic extensive lymphatic damage to [her] face" on February 6, 2023, for which she seeks (1) injunctive relief of "[i]mmediate funds required to prevent financial destruction and fatality" and "[e]mergency relief justified by toxic exposure's unknown extensivity of damage";

(2) monetary relief of $5.58 billion in damages "for lifelong care" and "punitive damages"; and (3) a declaratory judgment to "[c]onfirm coverage." (ECF 32.) The amended complaint added Lockton Affinity Insurance Company of America ("Lockton") as an additional defendant, but Lockton has now been dismissed from the lawsuit because Rawlings's claims against it were not ripe for adjudication. (ECF 85.) Since Rawlings filed her amended complaint on May 21, she has filed numerous other motions to amend her complaint. All but one were denied. (ECF 33, 34, 53, 56, 65, 70, 72, 77, 86, 87, 88, 93.) Even when the court *did* grant leave to amend in an order dated August 22, 2025, Rawlings did not comply with the court's order to file the second amended complaint "as a separate docket entry within five days." (ECF 82.)

On September 4, the district judge entered a Memorandum and Order denying all of Rawlings's motions for emergency relief and granting Lockton's motion to dismiss. (ECF 85.) The district judge additionally addressed Rawlings's failure to provide proof of service of the summons upon any of the defendants as required by Fed. R. Civ. P. 4(e) and, consequently, ordered Rawlings to show cause why defendants Well Biz Brands, Inc. d/b/a Well Biz International; Jane/John Doe Insurance Companies 1-5; an unnamed Franchise owner/operator; and Jane Doe Franchise Manager of Overland Park Studio should not be dismissed from this case for failure to effect timely service. (*Id*. at 4-5.) The court, however, acknowledged that counsel had entered an appearance on behalf of Lockton and defendant Amazing Lash Studio Franchise, LLC ("the Franchise"), so those entries of appearance effected service on Lockton and the Franchise despite Rawlings's failure of proof. (*Id*.) Additionally, the court noted that the Franchise never filed a responsive pleading, despite the fact that counsel's appearance effected service, and therefore ordered the Franchise to show cause why the court should not direct the clerk to enter default against it. (*Id*. at 5-6.)

Shortly thereafter, Rawlings filed several more motions to amend her complaint, but the court denied most of them because her motions to amend did not take into account the district judge's September 4 Memorandum and Order.  (ECF 89 (denying ECF 86, 87, 88); ECF 97 (denying ECF 93).)  On September 12, Rawlings filed the current motion for leave to amend her complaint, which Rawlings titled as "Plaintiff's Motion for Leave to File Second Amended Complaint."  (ECF 96.)

**B.    ANALYSIS**

**1.    Rawlings's Motion for Leave to File Second Amended Complaint**

Federal Rule of Civil Procedure 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires."  The purpose of the rule is to provide litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).  The Supreme Court has said that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Thus, the court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment."  *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman*, 371 U.S. at 182).  Ultimately, whether to grant leave to amend lies within the court's discretion.  *Warnick*, 895 F.3d at 755.

Rawlings's current motion for leave to amend (ECF 96) complies with D. KAN. RULE 15.1(a) insofar as the motion sets forth a concise statement of the amendment or leave sought and attaches her proposed second amended complaint to the motion.  Turning to the merits of her

motion, Rawlings contends that amendment is proper because her proposed amendment updates and corrects the identities of the named defendants., fixes "minor errors," and adds "newly discovered factual material" supporting her claims without substantively altering or expanding the nature of her previous claims—thereby ensuring "the complaint is as factually accurate and complete as possible, so that all parties and the Court are fully apprised of Plaintiff's claims." (ECF 96, at 3-4.)  Rawlings further asserts that defendants will suffer no prejudice because "the case remains within the same posture, and the additional material only better enables the just and efficient resolution" of the case.  (*Id*. at 5.)

Notably, Rawlings's proposed second amended complaint drops Lockton as a defendant and also drops Jane/John Doe Insurance Companies 1-5; an unnamed Franchise owner/operator; and Jane Doe Franchise Manager of Overland Park Studio, in compliance with the district judge's September 4 Memorandum and Order.  The proposed second amended complaint alleges claims against the following five defendants: (1) WellBiz Brands, Inc.; (2) The Hanover Insurance Group, Inc.; (3) The Hanover Insurance Company; (4) Amazing Lash Studio Franchise, LLC; and (5) T&L Alashs, LLC.  The general allegations in the proposed second amended complaint are similar to those in the operative amended complaint, including allegations that Rawlings suffered a "catastrophic, multi-systemic toxic injury" in 2023 at an Overland Park location of an Amazing Lash Studio, which has caused her extensive damages, and criticism of the insurance companies' coverage decisions.

This case is still in an early stage, and the defendants would not be unduly prejudiced by the amendment.  A scheduling order has not been entered and discovery has not begun.  Furthermore, the court does not find Rawlings's amendment to be clearly frivolous or clearly futile.  Although the proposed second amended complaint asserts claims against The Hanover

4

Insurance Group, Inc., which seems at odds with the district judge's ripeness ruling with respect to Lockton, the court cannot say at this time that the claims against The Hanover Insurance Group, Inc. are clearly futile without knowing more about its corporate structure and whether it is an insurance broker or an insurance carrier.

Accordingly, the undersigned makes no determination as to whether the amended claims ultimately would survive a subsequent dispositive motion presented to the district judge. *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous."). This ruling does not preclude any defendant from moving to dismiss the second amended complaint if the defendant can show that dismissal is warranted. In conclusion, given the procedural posture of this case, the lack of prejudice to defendants, and the liberal standards governing leave to amend, the court exercises its discretion and grants Rawlings leave to amend her complaint.

        **2.**        **T&L's Response to Order to Show Cause and Motion for Leave to File Answer Out of Time**

In addition to denying Rawling's motions for emergency relief and granting Lockton's motion to dismiss, the court's September 4 Memorandum and Order also chastised the Franchise for entering an appearance on June 12, which effected service on the Franchise, but not filing an answer or other responsive pleading to Rawling's operative complaint. The court therefore ordered the Franchise to "show cause why the court should not direct the Clerk to enter default against it." (ECF 85, at 5-6.) The Franchise and T&L both filed responses to the court's Order to Show Cause. (ECF 102, 104.) The Franchise's response notified the court that Marty T. Jackson did not have authority to enter his appearance on behalf of the Franchise, so service was not effected on the Franchise. (ECF 104.) T&L's response explains that Mr. Jackson's entry of

5

appearance was intended to be on behalf of the T&L Alashs, LLC, not Amazing Lash Studio Franchise, LLC. (ECF 102, at 2.) However, it appears that Mr. Jackson was forced to file his entry of appearance under the name of defendant Amazing Lash Studio Franchise, LLC because the operative amended complaint did not name an entity titled "T&L Lashes, LLC" anymore. (ECF 32.) Mr. Jackson believed T&L Alashs, LLC was the "proper party in interest," not Amazing Lash Studio Franchise, LLC, and attempted to fix this misnaming via his entry of appearance. (ECF 49 (entering his appearance as counsel "on behalf of Defendant Amazing Lash Studio Franchise, LLC (correct legal name T&L Alash, LLC) in the above-referenced matter"). Instead of fixing the misnomer, Mr. Jackson caused further confusion by not filing an answer or other response on behalf of his client, even though service on that entity was effected when he entered his appearance on its behalf. To fix this problem most efficiently, the court strikes Mr. Jackson's entry of appearance on behalf of the Franchise. (ECF 49.)[1] Mr. Jackson may enter his appearance on behalf of T&L in due course following Rawlings's filing of her second amended complaint, which names T&L Alashs, LLC as a defendant.

As for T&L's motion to file a response out of time, that motion is denied as moot. Rawlings's amended complaint did not name T&L as a defendant, so T&L had no responsibility to respond to the amended complaint. T&L is named as a defendant in Rawlings's second amended complaint, so the court expects T&L to respond to Rawlings's second amended complaint in due course in compliance with the Federal Rules of Civil Procedure.

---

[1] The Franchise suggested this relief in its response to the Order to Show Cause. (ECF 104, at 3.) The Franchise also moves the court to dismiss the claims against the Franchise pursuant to Fed. R. Civ. P. 4(m) for lack of service. (*Id*. at 3-4.) The undersigned does not resolve the Franchise's motion to dismiss, which is a dispositive matter for the district judge's determination.

6

**IT IS THEREFORE ORDERED** that Rawlings's updated motion to amend titled "Plaintiff's Motion for Leave to File Second Amended Complaint" (ECF 96) is granted. The court directs Rawlings to file her proposed second amended complaint as a separate docket entry within seven days of the date of this order.

**IT IS FURTHER ORDERED** that defendant T&L's Motion for Leave to File Answer Out of Time (ECF 102) is denied as moot.

**IT IS FURTHER ORDERED** that Marty T. Jackson's entry of appearance on behalf of Amazing Lash Studio Franchise, LLC (ECF 49) is stricken from the record.

**IT IS SO ORDERED.**

Dated October 3, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge