## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JENNIFER LYNETTE RAWLINGS,

     Plaintiff,

     v.                                                        Case No. 25-2141-EFM-ADM

WELL BIZ BRANDS, et al.,

     Defendants.

### <u>MEMORANDUM AND ORDER</u>

This matter comes before the court on Plaintiff Jennifer Lynette Rawlings' ("Rawlings") Motion for Leave to File Third Amended Complaint. (ECF 174.) Defendants T&L Alashs, LLC ("T&L"), Hanover Insurance Group, LLC ("Hanover"), WellBiz Brands, Inc. ("WellBiz"), and Amazing Lash Studio Franchise, LLC ("Amazing Lash Studio") (collectively, "Defendants") oppose the motion on two grounds: that the proposed Third Amended Complaint (1) would unduly prejudice Defendants and (2) fails to state a claim upon which relief can be granted, making the amendment futile. For the reasons discussed below, the court grants the motion but cautions Rawlings that there will be no further amendments to the pleadings. It is time to move this case forward.

### I.    BACKGROUND

Rawlings instituted this action on January 30, 2025, by filing a motion to proceed in forma pauperis ("IFP") in the United States District Court for the Western District of Missouri ("WDMO") along with her proposed complaint. (ECF 1.) Following review of the motion and complaint, the WDMO concluded that the action was "partially subject to dismissal pursuant to 28 U.S.C 1915(e)(2)" because, although the court had personal jurisdiction over Well Biz Brands, it did not have personal jurisdiction over Amazing Lash Studio (both franchisor and franchisee). (ECF 3, at 2-

3.)   The court also ruled that "venue would not be appropriate within the Western District of Missouri." (*Id*. at 3.)   In response, Rawlings paid the filing fee on February 24; WDMO docketed the complaint on February 26; and Rawlings moved to transfer the case to the District of Kansas on February 26.  (ECF 5, 6, 10.)   WDMO granted the motion and transferred the case to this court on March 21.  (ECF 7-9.)   Rawlings subsequently filed an amended complaint on May 21 as a matter of course.  (ECF 32.)   Since then, Rawlings has moved to amend her complaint numerous times—nearly all of which the court has denied, usually for procedural reasons.[1]   (ECF 33, 34, 53, 56, 65, 70, 72, 77, 79, 86, 87, 88, 93, 96, 121, 174.)   But, the court did grant leave to amend on October 3, and Rawlings filed the operative Second Amended Complaint on October 8.[2]   (ECF 114, 115.)   Rawlings now once again moves to amend her complaint and has attached her proposed Third Amended Complaint to her motion.

## II.    LEGAL STANDARD

Once a responsive pleading has been filed, a party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires.   FED. R. CIV. P. 15(a)(2).   The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."   *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (internal quotation marks omitted).   The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

---

[1] Even when the court *granted* leave to amend, Rawlings did not comply with the court's order to file the second amended complaint "as a separate docket entry within five days."  (ECF 82.)

[2] Rawlings' penchant for filing motions to amend did not end there.   On November 7, Rawlings filed yet *another* motion to amend her complaint (ECF 121), which the court denied as moot because the proposed pleading was "the same as the operative pleading." (ECF 125.)

amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same).

Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the court should not permit amendment. *See Wilkerson*, 606 F.3d at 1267 (ruling that, in the absence of such a showing, amendment should be allowed); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating the party opposing amendment bears the burden to show undue prejudice and that there is a presumption in favor of amendment absent such a showing "or a strong showing of any of the remaining *Foman* factors"). Whether to grant a motion to amend is within the court's sound discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

## III.    ANALYSIS

The operative Second Amended Complaint alleges that Rawlings sustained an eye injury on February 6, 2023, when a technician at the Amazing Lash Studio in Overland Park, Kansas, "injected a large volume [of] unidentified toxic substance into [her] Bilateral Orbital regions." (ECF 115, at 2-3.) It further alleges that "[n]o lawful business model permits incapacitated client exposure to toxins in a closed room with no oversight" and that "all defendants are liable for direct breach and civil conspiracy in furtherance of an unlawful, uninsurable business model." (ECF 115, at 3.) The pleading appears to further allege that Defendants had an obligation to comply, and failed to comply, with multiple federal laws, including (1) 15 U.S.C. § 2601 *et seq*., the Toxic Substances Control Act ("TSCA"); (2) the United States Food and Drug Administration ("FDA") cosmetic safety requirements/guidelines; (3) 29 U.S.C. § 654(a), setting out an employer's OSHA obligations to employees; (4) 15 U.S.C. § 45, involving the Federal Trade Commission's ("FTC") regulation of unfair competition and unfair or deceptive business acts or practices; and (5) 18 U.S.C. §§ 1961 – 1968, the entirety of Chapter 98 of the United States Code covering Racketeer Influenced and Corrupt

Organizations ("RICO").  (ECF 115, at 3, 5-13.)  The complaint goes on to allege that "permit[ting] any client to be incapacitated behind a closed door, receiving toxic exposure near the eyes, with only one technician present" is unlawful and "agency guidelines specifically prohibit and deem uninsurable any such practice."  (ECF 115, at 14.)  Defendants filed motions to dismiss the Second Amended Complaint in late November and early December, contending that Rawlings failed to plead facts sufficient for any of her statutory claims to proceed.  (ECF 136, 160, 163.)  On January 8, 2026, after briefing on the motions to dismiss was complete, Rawlings filed the current motion for leave to amend her complaint.  (ECF 174.)

Rawlings' current motion and proposed Third Amended Complaint again raises concerns that "[i]n the beauty/cosmetology sector, this lash-only, closed-door model is fundamentally inconsistent with" the TSCA, FDCA, the FTC Act, and OSHA, as well as state cosmetology/licensing and consumer-protection statutes that regulate the conditions and safety of salon services.  (ECF 174-1, at 3.)[3]  But Rawlings' reply explains that she is *not* attempting to assert claims under those statutes, which do not provide a private right of action.  (ECF 195, at 3 ("Plaintiff does not plead stand-alone statutory causes of action under those regimes.").)  She contends that she is asserting only traditional theories—negligence, negligent supervision, consumer protection, and civil RICO—and "uses the regulatory schemes to define the duties of a national lash-only franchise system that uses toxic

---

[3]  Rawlings' motion to amend twice references the Trafficking Victims Protection Reauthorization Act ("TVPRA") as if it is asserted in the Third Amended Complaint.  (*See* ECF 174, at 3 (stating that the existing complaint and the proposed Third Amended Complaint "show that any RICO, TVPRA/forced-labor, and consumer-protection theories arise from the same nucleus of operative facts but were previously previewed in briefing rather than fully integrated into a single pleading"), 7 (stating that the "proposed Third Amended Complaint also addresses commencement and relation-back by clearly tying all counts—including RICO and any TVPRA-aligned or unfair-practice counts—to the same February 6, 2023 closed-door lash procedure")).  But her proposed Third Amended Complaint does not assert a claim under the TVPRA or even mention it.  To the extent Rawlings is seeking to amend her complaint to allege a violation of TVPRA, that claim appears to be inadequately pled and therefore futile.

chemicals on incapacitated clients in closed rooms." (ECF 195, at 3.)[4] Rawlings contends that courts "routinely allow regulations and industry standards to inform duty and breach in negligence and consumer-protection cases." (ECF 195, at 3.) She argues that the proposed amendment "consolidates" all previously-disclosed facts and theories arising from the February 6, 2023, incident into a coherent pleading that "gives Defendants a clearer roadmap of the claims to be answered" (ECF 174, at 1, 2, 7, 8; *see also* ECF 195, at 1) and "channels the factual and legal clarifications previewed in her Response [to T&L's motion to dismiss] into a single, self-contained Third Amended Complaint." (ECF 174, at 5 (referring to ECF 163 & 165).)

Defendants oppose Rawlings' motion to amend on the grounds of undue prejudice and futility. (ECF 178, 180, 182.)

## A.  Undue Prejudice

The most important factor in considering a motion to amend is "whether the amendment would prejudice the nonmoving party." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207-08 (10th Cir. 2006). Typically, a court will find prejudice only where allowing the amendment would unfairly affect a party's ability to prepare a defense to the claims in the amended pleading. *See id.* Where proposed amended claims "arise out of a subject matter different from what was set forth in the [original pleading] and raise significant new factual issues," granting a motion to amend may result in undue prejudice. *Id.*

Defendants Hanover, WellBiz, and Amazing Lash Studio contend that they would be unduly prejudiced because, based on the "reasoning and lack of substantive changes" in Rawlings' proposed

---

[4] Rawlings' proposed Third Amended Complaint broadens her description of her claims, referencing "claims for negligence, premises liability, negligent hiring, training, supervision, and retention, deceptive and unfair acts and practices, and a pattern of racketeering activity under the civil RICO statute based on systemic deceptive communications and evasion of chemical-safety and consumer-protection duties in the beauty sector, and civil conspiracy and aiding-and-abetting." (ECF 174-1, at 6.)

amendment, they believe Rawlings is attempting to make her complaint a "a moving target" to avoid dismissal. (ECF 189, at 2-3; ECF 182, at 2-3.)  The court finds that Defendants are not unduly prejudiced by the amendment.  First, Rawlings is not attempting to assert a new claim or name a new party but instead she seeks to include additional factual allegations in support of her existing claims. Second, Rawlings' amendment seeks to clarify the contours of her claims to make clear that she is not asserting claims under statutes for which there is no private cause of action.   Given the contours of the particular amendment here, the court is not persuaded that Rawlings' complaint is "a moving target" such that Defendants would be unduly prejudiced by the amendment.

### B. Futility

"A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  In the context of futility, the court often considers whether the amended complaint could withstand a motion to dismiss pursuant to Rule 12(b)(6).  *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases).  To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff."  *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Defendants assert that the proposed Third Amended Complaint is futile because the applicable two-year Kansas statute of limitations bars Rawlings' personal injury claims in Counts I, II, and III. (ECF 178, at 2-3; ECF 180, at 3-4; ECF 182, at 4.)  All parties agree that her injury occurred and was "discovered" on February 6, 2023.  Defendants contend that Rawlings' complaint was not filed until February 26, 2025 (*see* ECF 5), and therefore Counts I, II, and III are barred by the two-year statute

of limitations.  But Defendants misunderstand the filing date.  Although they are correct that the WDMO formally filed her complaint on February 26, 2025, the filing date relates back to the date the court received the complaint along with the motion to proceed without prepayment of fees.  *Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259 (10th Cir. 1994).  The district court file reflects that the WDMO received Rawlings' IFP motion and complaint on January 30, 2025.  (ECF 1, 1-2.)  Therefore, her personal injury claims in Counts I, II, and III do not appear to be futile based on the statute of limitations.

Defendants also argue that Rawlings' proposed Third Amended Complaint is futile because it continues to include claims under federal statutes and state regulations that do not provide Rawlings with a private cause of action and contains no facts or case law to support that she has standing to bring such claims.  (ECF 178, at 3-4; ECF 180, at 4-5; ECF 182, at 5.)  But Rawlings specifically denies that she is bringing claims under the TSCA, FDCA, FTC Act, OSHA, or state cosmetology statutes and acknowledges they do not provide a private right of action.  (ECF 195, at 3 ("Plaintiff does not plead stand-alone statutory causes of action under those regimes.").)  Defendants' futility argument is therefore moot as to those statutory claims.

Defendants also contend that Rawlings' proposed Counts III, IV, V, and VI would be subject to dismissal because they fail to meet the heightened pleading standards of Rule 9(b).  (ECF 178, at 4-5; ECF 180, at 5-6; ECF 182, at 5-6.)  By this argument, Defendants attempt to re-raise the same arguments that they raised in prior motions to dismiss before the district judge.  The court will not sort out these futility matters for each claim alleged by Rawlings, as such would require a more fulsome analysis of whether the claims are based on acts that were unlawful because they constituted fraud.  Suffice it to say that the court cannot say at this time that the entirety of Rawlings' proposed complaint is *clearly* futile.  It may be that some of her claims may not ultimately survive a motion to dismiss.  But at least at this procedural juncture, Defendants have not raised any viable futility

arguments as to Counts I and II (and also as to their statute-of-limitations argument on Count III), so the court will leave it to another day to determine which of Counts III, IV, V, and VI are subject to, and meet, the heightened pleading standards of Rule 9(b).  Defendants can re-raise these arguments on a motion to dismiss before the district judge.

The undersigned makes no determination as to whether the amended claims ultimately would survive a subsequent dispositive motion presented to the district judge.  *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous.").  Rather, the court simply finds that Defendants have not met the "high bar" of establishing that the entirety of Rawlings' proposed Third Amended Complaint is clearly futile.  *See Prairie Band Potawatomi Nation v. Morse*, No. 24-4066-KHV-RES, 2025 WL 823246, at *4 (D. Kan. Mar. 14, 2025) (citing *Phelps v. State of Kan.*, No. 23-2206-DDC-RES, 2025 WL 743975, at *6 (D. Kan. Mar. 7, 2025) ("In order to deny a motion to amend on the basis of futility, the court requires more than a possibility that the claim would not survive a motion to dismiss; it must be established that the claim would be dismissed.")).  This ruling does not preclude any defendant from moving to dismiss the Third Amended Complaint.

In conclusion, given the procedural posture of this case, the lack of undue prejudice to Defendants, and the liberal standards governing leave to amend, the court exercises its discretion and grants Rawlings leave to amend her complaint *one last time* to clarify her claims and the matters in dispute.  In doing so, the court wishes to add a word of caution to Rawlings.  Rawlings' repeated attempts to amend her complaint have ground this case to a halt.  The court has denied most of her motions to amend on procedural grounds.  Even when the court granted her leave to amend, Defendants have moved to dismiss the latest complaint, which has led to Rawlings moving to amend again, which has then led the district judge to deny Defendants' prior motions to dismiss as moot.  As

long as this cycle continues on repeat, the court intends to delay setting case-management deadlines to move this case forward until after the district judge finally resolves all outstanding motions directed to the sufficiency of the pleadings. That way, the parties and the court know the claims and defenses remaining, and hence the proper scope of discovery.

To be clear, even though the court is allowing amendment here, this is the *last* amendment to the complaint that the court intends to allow. Rawlings has had ample opportunities to amend her complaint and, at this point, her abusive pattern of filing motions to amend must end. The court will summarily deny any future motion to amend the complaint that Rawlings files. This case must move forward. *See Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.'").

**IT IS THEREFORE ORDERED** that Rawlings' Renewed Motion for Leave to File Third Amended Complaint (ECF 174) is granted. Rawlings must file her proposed Third Amended Complaint as a separate docket entry within **7 calendar days** from the date of this order.

**IT IS SO ORDERED.**

Dated February 24, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
