**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JENNIFER LYNETTE RAWLINGS,

    *Plaintiff,*

v.
                                 Case No. 25-2141-EFM-ADM

WELL BIZ BRANDS, INC. et al.,

    *Defendants.*

**MEMORANDUM AND ORDER**

Before the Court are three motions to dismiss brought by Defendants WellBiz Brands, Inc. and Amazing Lash Franchise, LLC (collectively, the "Franchisors") (Doc. 214), The Hanover Insurance Group ("Hanover") (Doc. 215), and T&L Alashs, LLC ("T&L") (Doc. 216). Pro se Plaintiff Jennifer Lynette Rawlings brings this six-count suit against these Defendants based upon injuries she suffered during an eyelash extension appointment. For the reasons stated herein, the Court grants the Franchisors' and Hanover's motions to dismiss and grants in part and denies in part T&L's motion to dismiss.

## I.      Factual and Procedural Background[1]

T&L is a franchisee of the Amazing Lash Franchise and runs an eyelash extension studio in Overland Park, Kansas doing business as the Amazing Lash Studio. Plaintiff alleges WellBiz Brands is a parent company to the Amazing Lash Franchise and that Hanover insures the Amazing Lash Franchise, including T&L's Overland Park studio.

---

[1] The facts are taken from Plaintiff's Third Amended Complaint and are considered true for purposes of this Order.

On February 3, 2023, Plaintiff received a set of eyelash extensions at T&L's Overland Park studio. She went in again on February 6, 2023, for a touch-up appointment. At this appointment, the technician removed and replaced Plaintiff's eyelash extensions. In doing so, she applied a large quantity of a chemical substance which entered Plaintiff's eyes. Plaintiff asked if the chemical was dangerous and the technician responded that it was "not dangerous." Plaintiff has since suffered significant injury requiring long-term treatment due to the chemical exposure to her eyes.

Plaintiff filed her first complaint in this suit in the Western District of Missouri in October 2024; the case was subsequently transferred to this Court. Plaintiff has been granted leave to amend her complaint multiple times, culminating in her present Third Amended Complaint comprised of six claims. In Count I, Plaintiff brings a negligence and premises liability claim against T&L and the Amazing Lash Franchise. In Count II she brings a negligent hiring, training, supervision, and retention claim against T&L and the Franchisors. She brings a negligent misrepresentation and deceptive practices claim against all Defendants in Count III. In Count IV, Plaintiff brings a civil RICO claim against all Defendants. In Count V, Plaintiff alleges all Defendants engaged in a civil conspiracy. Finally, in Count VI, Plaintiff alleges T&L and the Franchisors violated Kansas's consumer protection statute through deceptive and unfair practices.

Defendants have filed their respective Motions to Dismiss. The matters are fully briefed and ripe for the Court's ruling.

## II.    Legal Standard

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[2] A pro se litigant is entitled to a liberal construction of his pleadings.[3] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[4] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[5] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[6] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[8] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[9] A claim is facially plausible if the plaintiff pleads facts

---

[2] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Id.*

[6] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] Fed. R. Civ. P. 12(b)(6).

[9] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Iqbal*, 556 U.S. at 678.

sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[10] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[11] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[12] But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[13]

### III.    Analysis

### A.    The Franchisors' Motion to Dismiss Counts I & II

Plaintiff alleges in Count I that T&L and the Amazing Lash Franchise were negligent in "(a) designing and operating a lash-only, closed-door model that made it impossible to supervise or verify safe chemical use; (b) permitting technicians to use strong cosmetic products at the lash line without meaningful oversight or real-time monitoring; and (c) failing to implement and enforce effective protocols for detecting, documenting, and responding to toxic exposures." To state a negligence claim, Plaintiff must allege that (1) plaintiff is owed a duty by a defendant; (2) defendant breached that duty; (3) plaintiff sustained damages; and (4) the damages were proximately caused by the breach.[14]

"[A] franchisor may be vicariously liable for the acts of its franchisees if the former controls the particular instrumentality that caused harm to the plaintiff—in other words, if the

---

[10] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[12] *Iqbal*, 556 U.S. at 678–79.

[13] *Id.* at 663.

[14] *Enfiled ex rel. Enfield v. Pitman Mfg.*, 923 F. Supp. 187, 188 (D. Kan. 1996).

relationship between them is that of principal and agent."[15] "[T]he existence of a principal-agent relationship depends on the nature and extent of control and supervision retained and exercised by the franchisor over the method or details of conducting day-to-day operations."[16]

The Amazing Lash Franchise argues that Plaintiff cannot show that it owed a duty to her because she has not pled facts sufficient to show that Amazing Lash Franchise had day-to-day control over the lash studio at which Plaintiff was injured. Plaintiff responds that Amazing Lash Franchise designed the model as the national standard; dictated core services; set an approved product list; and marketed the business as safe, professional, and fully insured. Even liberally construing these facts, however, they do not show that the Amazing Lash Franchise had any day-to-day control over the studio's operation. Rather, these are typical business designs of a franchisor. Because Plaintiff's Third Amended Complaint fails to allege that the Amazing Lash Franchise had day-to-day operational control over the studio, Plaintiff cannot show that the Amazing Lash Franchise is vicariously liable for the actions of its franchisee. Accordingly, Plaintiff cannot meet the first element of her negligence claim against the Amazing Lash Franchise.

Plaintiff's Count II alleges that the Franchisors and T&L were negligent in their hiring, training, supervision, and retention of their employees. Specifically, she alleges that these Defendants were negligent by "(a) failing to ensure technicians were adequately trained and supervised in the safe use of cosmetic chemicals at the lash line; (b) retaining a model that inherently prevented effective supervision; and (c) failing to correct or discipline personnel or alter operations after the February 6, 2023 exposure and subsequent verbal legal notice." "Kansas has long recognized a cause of action for an employer's negligent hiring and/or retention of an unfit

---

[15] *Thompson v. Jiffy Lube Int'l, Inc.*, 2006 WL 8406742, at *10 (D. Kan. Jun. 13, 2006).

[16] *Id.* (quoting Am. Jur. 2d *Private Franchise Contracts* § 298 (2005)).

or incompetent employee."[17] This is a tort separate from the doctrine of respondeat superior.[18] But this sort of claim is premised upon the existence of an employment relationship.[19]

The Franchisors argue Plaintiff has not pled facts sufficient to show an employer-employee relationship between the Franchisors and the eyelash technician and, as with Count I, she has not pled facts showing that the Franchisors owed a duty to Plaintiff. Plaintiff responds that the franchise model itself is designed to make it impossible to supervise a technician and that the Franchisors marketed the system as safe. But neither of these facts demonstrate an employer-employee relationship between the Franchisors and the eyelash technician. As such, Plaintiff's claims against the Franchisors in Count II for negligent hiring, training, supervision, and retention must be dismissed.

## B.    T&L's Motion to Dismiss Counts I & II

T&L moves to dismiss Plaintiffs Counts I and II asserting that they are barred by the statute of limitations. Kansas's two-year statute of limitations for negligence claims applies in this diversity suit.[20] The parties agree that Plaintiff's claims were discovered on the date of her injury on February 6, 2023. T&L asserts that February 26, 2025, was the first day that T&L was named as a Defendant in this suit and no previously-named Defendant had a name similar to T&L's name. As such, T&L argues that it did not have notice of Plaintiff's claims against it prior to the statute of limitations expiring.

---

[17] *Beam v. Concord Hosp., Inc.*, 873 F. Supp. 491, 503 (D. Kan. 1994) (citation omitted).

[18] *Id.*

[19] *See id.* ("The negligent hiring and/or retention doctrine recognizes that an *employer* has a duty to use reasonable care in the selection and retention of *employees*. This duty requires that an *employer* hire and retain only safe and competent *employees*." (emphases added) (citation omitted)) .

[20] *Allen v. Env't Restoration, LLC*, 32 F.4th 1239, 1245 (10th Cir. 2022) ("[A] federal court sitting in diversity applies state law for statute of limitations purposes." (quotation marks and citation omitted)); K.S.A. 60-513(a)(4).

True, prior to February 26, 2025, Plaintiff did not name T&L explicitly. However, Plaintiff's initial Complaint named "The Amazing Lash Studio Franchisee" and listed T&L's studio address. Further, Plaintiff alleges in her Third Amended Complaint that T&L has a d/b/a name of the Amazing Lash Studio. In the light most favorable to Plaintiff, the Court finds that T&L should have known of Plaintiff's claims against it prior to the statute of limitations expiring.[21] Accordingly, the Court denies T&L's motion to dismiss Counts I and II against it.

## C.    Counts III–VI

All Defendants move to dismiss Plaintiff's claims in III–VI against them[22] by invoking Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[23] "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[24] Counts III–VI are premised upon the allegation that Defendants committed various false or misleading acts such as false advertising, mail and wire fraud, and deceptive and unfair practices, implicating the heightened pleading standard of Rule 9(b).

However, Plaintiff's Third Amended Complaint wholly fails to meet this standard; none of Plaintiff's allegations regarding fraud or misrepresentation are stated with any particularity. As to her negligent misrepresentation claim in Count III, Plaintiff merely states "Defendants marketed Amazing Lash services, including 'private suites,' as safe, professional, and fully insured beauty

---

[21] Fed. R. Civ. P. 15(c)(1)(C)(ii).

[22] Defendant Hanover makes this argument as to Counts III–V because it is not a named Defendant to Count VI.

[23] Fed. R. Civ. P. 9(b).

[24] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (citation omitted).

services, implying compliance with applicable cosmetology, chemical-safety, and consumer-protection requirements." As to her civil RICO claim in Count IV, Plaintiff makes the conclusory allegation that Defendants engaged in mail fraud. She further describes that Defendants engaged in "(a) interstate electronic marketing and online advertising describing Amazing Lash services and 'private suites' as safe and professional; (b) electronic transmission of insurance program materials, binders, and renewals that treated the lash-only, closed-door model as insurable without disclosing its structural inability to monitor chemical use; and (c) web-based communications that presented the franchise system as compliant with applicable safety frameworks despite Defendants' knowledge or constructive knowledge of the structural defects" and alleges that each lash appointment involved "online marketing, appointment confirmations, or insurance program materials." Count V is a conspiracy charge incorporating the facts alleged elsewhere in her Third Amended Complaint. Finally, in Count VI, she merely repeats the allegation that Defendants advertised and represented the business model as safe, professionally supervised, and fully insured.

None of these factual averments provide a time or place other than generic "online" and "web-based communications" of the allegedly fraudulent statements. Even a liberal construction of these facts merely grants that the Defendants engaged in online marketing for their franchise business; it provides no particular circumstances of those marketing efforts. This does not satisfy Rule 9(b).[25] As such, the Court finds that Plaintiff has failed to state claims upon which relief can be granted in Counts III–VI.

**IT IS THEREFORE ORDERED** that the Amazing Lash Franchise, LLC and WellBiz Brands, Inc. Motion to Dismiss (Doc. 214) is **GRANTED**.

---

[25] *Jensen v. Am.'s Wholesale Lender*, 425 F. App'x 761, 763 (10th Cir. 2011) (agreeing that "broad, vague, and conclusory allegations" do not meet the requirements of 9(b)).

**IT IS FURTHER ORDERED** that the Hanover Insurance Group's Motion to Dismiss (Doc. 215) is **GRANTED**.

**IT IS FURTHER ORDERED** that the T&L Alashs, LLC's Motion to Dismiss (Doc. 216) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Amazing Lash Francise, LLC, WellBiz Brands, Inc., and Hanover Insurance Group are terminated from this case.

**IT IS SO ORDERED**.

Dated this 6th day of August  2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE