**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JENNIFER LYNETTE RAWLINGS,

*Plaintiff,*

v.

WELL BIZ BRANDS, INC. et al.,

*Defendants.*

Case No. 25-2141-EFM-ADM

**MEMORANDUM AND ORDER**

Before the Court are numerous Motions filed by pro se Plaintiff Jennifer Lynette Rawlings:[1]

1. a "Motion to Revise Interlocutory Order Under Fed. R. Civ. P. 54(b) and D. Kan. Rule 7.3, or, in the Alternative, For Leave to File Proposed Fourth Amended Complaint" (Doc. 244);

2. a "Motion to Correct Attachment" (Doc. 245);

3. a second "Motion to Revise Interlocutory Order Under Fed. R. Civ. P. 54(b) and D. Kan. Rule 7.3, or, in the Alternative, For Leave to File Proposed Fourth Amended Complaint" (Doc. 246);

4. a third "Motion to Revise Interlocutory Order Under Fed. R. Civ. P. 54(b) and D. Kan. Rule 7.3, or, in the Alternative, Motion for Leave to File Corrected Proposed Fourth Amended Complaint Under Fed. R. Civ. P. 15(a)(2) and D. Kan. Rule 15.1" (Doc. 247);

5. a "Motion Under Fed. R. Civ. P. 60(b)(1) for Relief from the September 4, 2025 Order Dismissing Lockton and for Leave Under Rule 15 to File Attached Corrected Proposed Fourth Amended Complaint" (Doc. 250);

[1] Because Plaintiff proceeds pro se, the Court holds her pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se litigant is entitled to a liberal construction of his pleadings. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

6. a “Motion for Review of Magistrate Judge’s Order Denying Stay Under Fed. R. Civ. P. 72(a) and D. Kan. Rule 72.1.4” (Doc. 262);

7. a “Motion and Supporting Memorandum for District-Judge Review of the October 27, 2026 Order Denying ECF 268, and Expedited Request for Interim Relief” (Doc. 271); and

8. a “Third Motion for Leave to File the Updated Proposed Fourth Amended Complaint, Version Three, Contingent Upon Resolution of Two Pending Requests” (Doc. 273).

For the reasons stated below, the Court denies all eight of Plaintiff’s Motions.

**A. Motions Concerning Relief from the Court’s August 6, 2026 Dismissal Order & Leave to File a Fourth Amended Complaint (Docs. 244–47 & 273)**

In three of her Motions, Plaintiff moves under Rule 54(b) and D. Kan. Rule 7.3 requesting that the Court revise its August 6, 2026 Order dismissing portions of Plaintiff’s Third Amended Complaint as deficient. The substance of her Motions to this effect primarily seeks leave to file a fourth amended complaint, which she argues cures the deficiencies identified by the Court. Indeed, Plaintiff’s most recent Motion before the Court—her eighth—is a Motion for Leave to File a fourth amended complaint.

Plaintiff’s filings reflect a larger, abusive pattern in this litigation. Essentially, whenever Defendants or the Court identify a deficiency in her operative complaint, Plaintiff moves to amend her complaint in an effort to exact a perfect pleading. The current operative pleading is Plaintiff’s Third Amended Complaint—her fourth in this matter. In granting Plaintiff’s motion to file the Third Amended Complaint, the Magistrate Judge granted Plaintiff “leave to amend her complaint *one last time* to clarify her claims and the matters in dispute” and noted that “this is the *last* amendment to the complaint that the court intends to allow.” Instead of heeding this admonishment upon the Court’s most recent dismissal Order, Plaintiff has continued her abusive filing pattern by filing *four* motions seeking leave to file a *fourth* amended complaint.

The pattern ends now. "Liberality in amendment is important to assure a party a fair opportunity . . . but equal attention should be given to the proposition that there must be an end finally to a particular litigation."[2] Plaintiff has had more than an adequate opportunity to conform her pleadings to the Federal Rules through several amendments, yet has failed to do so.[3] And although Plaintiff proceeds pro se, her pro se status does not excuse her from following and familiarizing herself with the Federal Rules nor from the consequences of failing to do so.[4] Consequently, the Court denies Plaintiff's Motions seeking leave to file a fourth amended complaint.[5]

**B. Motion Concerning Relief from the Court's September 4, 2025 Dismissal Order (Doc. 250)**

Plaintiff's fifth Motion seeks relief from the Court's September 4, 2025 Order under Rule 60(b)(1). In that Order, the Court dismissed former defendant Lockton Affinity Insurance Company of America from Plaintiff's then-operative Amended Complaint because Plaintiff's claims against it are not ripe for adjudication under Rule 12(b)(1). Plaintiff seeks relief from the Court's ruling and leave to file a fourth amended complaint including Lockton as a defendant once more.

Plaintiff's Motion laments PACER notification and service-related issues, but none of the grounds raised in Plaintiff's Motion address the Court's ruling under Rule 12(b)(1) or otherwise

---

[2] *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citation modified).

[3] *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (permitting refusal of leave to amend upon repeated "failure to cure deficiencies by amendments previously allowed"); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same)).

[4] *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005).

[5] Because the Court denies these Motions, it also denies Plaintiff's second Motion seeking to correct the attached proposed fourth amended complaint in her first Motion as moot.

warrant the "extraordinary" relief she seeks under Rule 60(b).[6] And although Plaintiff's Motion is technically timely, this case is well past the Amended Complaint underlying the Court's September 4, 2025 Order. Plaintiff did not replead Lockton as a defendant in the two subsequent amendments that she was permitted. The Court has already concluded that Plaintiff shall not be permitted to file a fourth amended complaint in this matter. Accordingly, the Court denies her fifth Motion.

### C. Motions Concerning Relief from the Magistrate Judge's September 29, 2026 Order Denying Plaintiff's Request to Stay Proceedings (Docs. 262 & 270)

Plaintiff's sixth and seventh Motions request review of the Magistrate Judge's denials of her requests to stay discovery. Plaintiff seeks a stay so she can pursue specialized medical care for her eye injury, originally requesting a 120-day stay in this matter. Her requests have dwindled down to 90-day stay, then to a 60-day stay with a status report due within 30 days, and then to an alternative 30-day extension of all discovery deadlines. In denying Plaintiff's 120-day stay request, the Magistrate Judge concluded that Plaintiff could adequately pursue medical care while participating in this litigation, as demonstrated by her prolific filings. The Magistrate Judge denied Plaintiff's subsequent request for a narrower stay for substantially the same reasons.

District courts review a magistrate judge's nondispositive order under a "clearly erroneous or contrary to law" standard of review.[7] The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a

---

[6] *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) ("Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." (citation modified)).

[7] *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 641 (D. Kan. 2007) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)) (further citations omitted).

mistake has been committed."[8] In conducting this review, a court "does not consider matters not placed before [the magistrate] judge."[9]

As it relates to staying discovery, that power is a matter of a court's discretion.[10] In exercising this discretion, courts "must weigh competing interests and maintain an even balance."[11] But "the right to proceed in court should not be denied except under the most extreme circumstances."[12]

The Court has reviewed the same evidence Plaintiff presented to the Magistrate Judge, including her attachments in Doc. 264 and Plaintiff's declarations. Upon such review, the Court finds that the Magistrate Judge's denials of Plaintiff's requests for a stay are not clearly erroneous or contrary to law. Rather, the Magistrate Judge properly weighed Plaintiff's requests with the competing interests in proceeding with this litigation. Plaintiff simply does not present "the most extreme circumstances" that warrant a stay of discovery for 120, 90, 60, or 30 days, or any other narrower period Plaintiff may think to request next.[13]

Accordingly, the Court denies Plaintiff's Motions seeking review of the Magistrate Judge's Orders. Should Plaintiff continue to request a stay in discovery based on reasons she has already raised, her requests shall be summarily denied. As the Magistrate Judge has repeatedly

---

[8] *Id.* (citation omitted).

[9] *Id.* (citations omitted).

[10] *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Baca v. Berry*, 806 F.3d 1262, 1269–70 (10th Cir. 2015) ("[T]he district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants.").

[11] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

[12] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (citation omitted).

[13] *Id.* (citation omitted).

admonished, "[i]t is time for the parties to proceed with discovery so that the case can advance to a resolution on the merits." This case shall proceed as scheduled.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Revise Interlocutory Order Under Fed. R. Civ. P. 54(b) and D. Kan. Rule 7.3, or, in the Alternative, For Leave to File Proposed Fourth Amended Complaint" (Doc. 244) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Correct Attachment" (Doc. 245) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Revise Interlocutory Order Under Fed. R. Civ. P. 54(b) and D. Kan. Rule 7.3, or, in the Alternative, For Leave to File Proposed Fourth Amended Complaint" (Doc. 246) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Revise Interlocutory Order Under Fed. R. Civ. P. 54(b) and D. Kan. Rule 7.3, or, in the Alternative, Motion for Leave to File Corrected Proposed Fourth Amended Complaint Under Fed. R. Civ. P. 15(a)(2) and D. Kan. Rule 15.1" (Doc. 247) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion Under Fed. R. Civ. P. 60(b)(1) for Relief from the September 4, 2025 Order Dismissing Lockton and for Leave Under Rule 15 to File Attached Corrected Proposed Fourth Amended Complaint" (Doc. 250) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Review of Magistrate Judge's Order Denying Stay Under Fed. R. Civ. P. 72(a) and D. Kan. Rule 72.1.4" (Doc. 262) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion and Supporting Memorandum for District-Judge Review of the October 27, 2026 Order Denying ECF 268, and Expedited Request for Interim Relief" (Doc. 271) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Third Motion for Leave to File the Updated Proposed Fourth Amended Complaint, Version Three, Contingent Upon Resolution of Two Pending Requests" (Doc. 273) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of November, 2026.

Eric F Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE